UNITED STATES of America,

v.

Victor Manuel OSPINA, Defendant.

No. 98–566–CR.

United States District Court,
S.D. Florida.

May 1, 2007.

David A. Haimes, United States Attorney's Office H.I.D.T.A., Miami, FL, for Plaintiff.

Louis Casuso, Miami, FL, for Defendant.

### ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

MORENO, District Judge.

Defendant Victor Manuel Ospina moves this Court to dismiss the indictment on the grounds that the eight year delay between indictment and arrest deprived him of his Sixth Amendment right to a speedy trial. Because the Defendant here does not have to show actual prejudice from the delay to establish a Sixth Amendment speedy trial violation, the case indictment is dismissed.

### BACKGROUND

Based upon information received from a confidential source, in 1998 the Drug Enforcement Administration ("DEA") set up an undercover operation to foil the criminal enterprise, where an undercover agent acted as a rogue airport employee to assist with having luggage containing narcotics pass through inspection undetected. The undercover officer negotiated with Colombian drug traffickers, the co-defendants in this case, and received a transportation fee for his role in the enterprise. During the course of this investigation, the undercover officer met with different individuals for the purpose of delivering the intercepted cocaine. On each occasion, that individual was identified and later arrested.

During one such transaction, on March 23, 1998, the Defendant arrived at a hotel, where the undercover officer and a co-defendant were waiting, to pay the undercover for his role in the operation and receive the luggage. The three men then drove separately to the undercover's home to retrieve the luggage which contained the cocaine. On his way to retrieve the cocaine, the Defendant was stopped for speeding and arrested for not having a valid driver's license. Local police officers searched his car incident to arrest and recovered $22,375. The officers also allegedly received consent to search his hotel room and recovered $8,400.

On July 24, 1998, a federal grand jury returned an indictment charging the Defendant and others with conspiracy to import cocaine and conspiracy to possess with intent to distribute cocaine. The Government alleges that the conspiracy lasted from February 11, 1998 until July 16, 1998.

Arrest warrants for the drug violations were issued on July 28, 1998. However, prior to the return of the indictment, the Defendant was deported from the United States to Colombia by the Department of

Justice's Immigration and Naturalization Service. After learning of the deportation, DEA agents turned the warrant over to the U.S. Marshal's Service. The arrest warrant was placed into the NCIC database in the event that the Defendant should be subsequently arrested or try to re-enter the United States. Annual computer checks were conducted to confirm that the arrest warrant was still outstanding. After one such check in 2006, eight years later, the DEA learned that the Defendant had been arrested in New York, and he was extradited to the Southern District of Florida on these charges.[1] All of the co-defendants have pled guilty, been sentenced, and already been released.

 The Defendant argues that the eight year delay between his indictment and arrest violates his Sixth Amendment right to a speedy trial.[2] He contends that the lapse of time has weakened his ability to elicit specific defenses, specific testimony, and to produce specific items of evidence with regard to his role in the offense, if any, and his knowledge, if any, of the facts.

### SPEEDY TRIAL

 The Sixth Amendment to the United States Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial

.…" U.S. Const. amend. VI. The Sixth Amendment right to a speedy trial attaches at indictment, arrest, or when the defendant is otherwise officially accused and continues until the date of trial. *United States v. Gonzalez*, 671 F.2d 441, 444 (11th Cir.1982).

In *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), the United States Supreme Court established a four-pronged test to determine whether a defendant's right to a speedy trial has been violated: (1) the length of the delay; (2) the reasons for the delay; (3) the defendant's assertion of this right to speedy trial; and (4) the prejudice to the defendant as a result of the delay. *Id.* at 530, 92 S.Ct. 2182. Regarding the fourth prong, the Eleventh Circuit requires that in order to establish a Sixth Amendment speedy trial violation, a defendant must demonstrate actual prejudice, unless each of the first three factors "all weigh heavily against the government." *United States v. Harris*, 376 F.3d 1282, 1290 (11th Cir.2004) (requiring the defendant to show actual prejudice, where the delay was due to the "scheduling demands of the court's calendar") (quoting *United States v. Dunn*, 345 F.3d 1285, 1296 (11th Cir.2003)).

### I. Length of Delay

 Delays exceeding one year are generally found to be "presumptively prejudi-

1. The Defendant allegedly used a false name, Pedro Gonzalez, and a false date of birth, July 5, 1975, upon his New York arrest.

2. In the alternative, the Defendant argues that the pre-indictment delay impinged upon his Fifth Amendment right to due process. In order to prevail on a due process claim stemming from pre-indictment delay, a defendant must show (1) actual prejudice; and (2) that the delay resulted from a deliberate design by the government to gain a tactical advantage. *United States v. Thomas*, 62 F.3d 1332 (11th Cir.1995). A defendant has the burden of establishing both. *Stoner v. Graddick*, 751

F.2d 1535 (11th Cir.1985). The Government argues that the Defendant's allegations of prejudice are merely conclusory. Furthermore, the Government asserts that the short delay between the relevant criminal conduct in March of 1998 and the indictment in July of 1998 was due to an ongoing investigation that would have been compromised had the Defendant been indicted sooner. The Court finds that the Defendant has failed to establish a due process violation because he has shown neither actual prejudice nor that the delay was deliberate in order for the Government to gain a tactical advantage.

cial." *Doggett v. United States,* 505 U.S. 647, 651–52, 112 S.Ct. 2686, 120 L.Ed.2d 520 (1992) (finding an eight year delay sufficient); *United States v. Ingram,* 446 F.3d 1332, 1336–37 (11th Cir.2006) (finding a two year delay to be "twice the threshold for presuming prejudice"). This threshold requirement does not alone warrant dismissal of the indictment, but invites the Court to consider the remaining factors. *Id.* (finding an eight and a half year delay to be sufficient to trigger the speedy trial inquiry). "While such presumptive prejudice cannot alone carry a Sixth Amendment claim without regard to the other *Barker* criteria, it is part of the mix of relevant facts, and its importance increases with length of delay." *Id.* at 655–56, 112 S.Ct. 2686. Here, the eight year delay weighs heavily against the Government.

## II. Reason for Delay

■ The second factor is the reason for the delay. *Doggett,* 505 U.S. at 652, 112 S.Ct. 2686. In assessing this factor, the Court must consider whether the Government or the Defendant is more responsible for the delay. *Id.* Defendant asserts that the Government did not make an effort to locate him, despite a forfeiture case against him. The Government contends that the Defendant's deportation resulted in his whereabouts being unknown. Further, it argues that, although the Defendant returned to the United States at some point before his arrest in New York, he was using an alias. In *Ingram,* the Eleventh Circuit noted that "a defendant who intentionally evades the Government's efforts to bring him to trial is culpable in causing the delay." *Ingram,* 446 F.3d at 1337. The Defendant's use of a false name and false date of birth is evidence of evasion. The Government uses this fact to distinguish this case from *Doggett v. United States,* 505 U.S. 647, 112 S.Ct. 2686, 120 L.Ed.2d 520 (1992), which involved a similar drug trafficking operation and eight

year delay. In that case, the defendant "[r]eturned to the United States, he [was] married, earned a college degree, found a steady job as a computer operations manager, lived openly under his own name, and stayed within the law." *Id.* at 649, 112 S.Ct. 2686.

The Government concedes, however, that like the defendant in *Doggett,* there is no evidence here to suggest that the Defendant knew of his pending indictment in South Florida. The Eleventh Circuit in *United States v. Ingram,* 446 F.3d 1332 (11th Cir.2006) found the government's assertion that the defendant "ma[de] himself difficult to locate" insufficient to show that the defendant was culpable for the delay, where the defendant was unaware of the pending indictment. *Id.* at 1337. Here, the Government reasonably had a difficult time locating the Defendant in Colombia. However, the Defendant did not flee the United States for Colombia to evade these charges. Rather, he was involuntarily deported by the same Department of Justice that indicted him. Furthermore, the Defendant did not use a false name until his recent arrest in New York in 2005, still seven years later. This factor weighs heavily against the Government.

## III. Assertion of Speedy Trial Rights

The Government concedes that the Defendant timely asserted his Sixth Amendment right to a speedy trial upon his arrest.

## IV. Prejudice to Defendant

The final factor of the *Barker* analysis is the prejudice caused by the delay. *Doggett,* 505 U.S. at 654, 112 S.Ct. 2686. As the Supreme Court held in *Doggett,* an unreasonable delay "threatens to produce more than one sort of harm, including oppressive pretrial incarceration, anxiety and concern of the accused, and the possi-

bility that the [accused's] defense will be impaired." *Id.* (internal citations and quotations omitted). The Supreme Court especially noted that the most serious form of prejudice is the last, pertaining to a defendant's ability to put on a defense. *Id.* That is also the form of prejudice Defendant here is claiming. Accordingly, he argues that the lapse of time has weakened his ability to elicit specific defenses, specific testimony, and to produce specific items of evidence with regard to his role in the offense, if any, and his knowledge, if any, of the facts. The *Doggett* Court found this argument convincing in ultimately dismissing the indictment in that case. *Id.* at 655, 112 S.Ct. 2686.

Further, it found that the defendant was not required to make a particularized showing of prejudice. *Id.*

> *Barker* explicitly recognized that impairment of one's defense is the most difficult form of speedy trial prejudice to prove because time's erosion of exculpatory evidence and testimony can rarely be shown. And though time can tilt the case against either side, one cannot generally be sure which of them it has prejudiced more severely. Thus, we generally have to recognize that excessive delay presumptively compromises the reliability of a trial in ways that neither party can prove or, for that matter, identify.

*Id.* (internal citations and quotations omitted). The Court noted that the toleration of negligence on behalf of the government varies inversely with the length of the delay caused by that negligence. *Id.* at 657, 112 S.Ct. 2686.

■■■■ As noted above, in the Eleventh Circuit, a defendant must generally show actual prejudice, unless the first three *Barker* factors "all weigh heavily against the Government." *United States v. Dunn,* 345 F.3d 1285, 1296 (11th Cir.2003). The Government relies on *United States v.*

*Clark,* 83 F.3d 1350 (11th Cir.1996), in which a defendant was required to prove actual prejudice after a delay of seventeen months. Additionally, the Government submits that it mitigated the effect of the delay at issue by providing the Defendant with the original evidence, which includes audiotapes and photographs. However, the Government's reliance on this submission is insufficient to require the Defendant to show actual prejudice. First, a delay of eight years is a far cry from the seventeen-month delay in *Clark.* Second, the reason for the delay was the Government's own actions in deporting the Defendant. Third, the Defendant has asserted his speedy trial right. With all of these factors weighing heavily against the Government, the Defendant does not have to show actual prejudice. This Court reluctantly finds that it is bound to Supreme Court and Eleventh Circuit precedent and has no choice but to dismiss the indictment.