**UNITED STATES of America,**

v.

**Frantz CADET, a/k/a "Zopope",**
**Defendant.**

**No. 97–6007–CR.**

United States District Court,
S.D. Florida.

Nov. 20, 2007.

Aurora Fagan, United States Attorney's Office, Miami, FL, for Plaintiffs.

Martin A. Feigenbaum, Surfside, FL, for Defendant.

## ORDER DENYING MOTION TO DISMISS INDICTMENT

FEDERICO A. MORENO, District Judge.

Defendant Frantz Cadet moves this Court to dismiss the indictment against him on the grounds that the ten-year delay between his indictment and arrest deprive him of his Sixth Amendment right to a speedy trial as guaranteed by the United States Constitution. Because the delay is not attributable to the Government and the Defendant is unable to show actual prejudice, the motion is denied.

## BACKGROUND

On September 9, 1998, a third, superceding indictment was filed charging the Defendant with one count each of conspiracy to import cocaine into the United States, conspiracy to possess with the intent to distribute cocaine, possession with the intent to distribute cocaine, and conspiracy to commit money laundering.

The Government alleges that the Defendant was involved in a broad drug trafficking network that transported cocaine from Haiti to various locations within the United States including Fort Lauderdale, Miami, West Palm Beach, Atlanta, New York, and Chicago between 1987 and 1997. Specifically, the Government alleges that the Defendant helped import numerous kilograms of cocaine from Haiti to Florida and New York by circumventing security and narcotics detection measures through the use of his personal contacts at the Port Au Prince International Airport and the Miami International Airport.

Along with the Defendant, the drug trafficking organization employed various airport and U.S. Customs employees to effectuate its scheme. The Government alleges that one such individual, Joel Audain ("Audain"), used his position as a federal law enforcement officer to access confidential computer databases established to document ongoing criminal investigations.[1] Audain conducted a search within the database for the Defendant and then accessed files that identified the Defendant as a target of a criminal investigation into a cocaine drug trafficking ring. The Government possesses phone records reflecting that after Audain had accessed files concerning the Defendant, numerous phone calls were placed from Audain's phone to the Defendant's phone. Soon thereafter, the Defendant fled to Haiti leaving behind his residences and dry cleaning store in Miami, Florida.[2]

On January 15, 1997 after the filing of the first indictment in this case, an arrest warrant was issued for the Defendant. On March 3, 1997, Drug Enforcement Administration ("DEA") agents attempted to arrest the Defendant at his residence and at his female companion's apartment in Miami. At that time, the agents were informed that the Defendant was residing in

**1.** Audain, a co-defendant in the instant indictment, was convicted after a 1998 trial.

**2.** The Defendant has been a United States citizen since 1994.

Haiti. The Defendant remained in Haiti until August 3, 2007, at which time he was brought before the Southern District of Florida on an arrest warrant. A DEA agent accompanied the Defendant to South Florida and processed his arrest.

The Defendant now moves to dismiss his indictment and argues that the ten-year delay between his indictment and arrest violates his Sixth Amendment right to a speedy trial. He contends that the lapse of time has weakened his ability to secure documentary proof of his return to Haiti and to put on a defense.

### *SPEEDY TRIAL*

██ The Sixth Amendment to the United States Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial...." U.S. Const. amend. VI. The Sixth Amendment right to a speedy trial attaches at indictment, arrest, or when the defendant is otherwise officially accused and continues until the date of trial. *United States v. Gonzalez*, 671 F.2d 441, 444 (11th Cir.1982).

██ In *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), the United States Supreme Court established a four-pronged test to determine whether a defendant's right to a speedy trial has been violated: (1) the length of the delay; (2) the reasons for the delay; (3) the defendant's assertion of this right to speedy trial; and (4) the prejudice to the defendant as a result of the delay. *Id.* at 530, 92 S.Ct. 2182. No one factor alone is sufficient to establish a Sixth Amendment violation; rather all the factors should be considered together with any other relevant circumstances. *Id.* at 533, 92 S.Ct. 2182. The Supreme Court also held that courts must balance "whether [the] delay before trial was uncommonly long, whether the government or the criminal defendant is more to blame for that delay, whether, in due course, the defendant asserted his right to speedy trial, and whether he suffered prejudice as the delay's result." *Doggett v. United States*, 505 U.S. 647, 651, 112 S.Ct. 2686, 120 L.Ed.2d 520 (1992).

██ Regarding a showing of prejudice, the Eleventh Circuit requires that in order to establish a Sixth Amendment speedy trial violation, a defendant must demonstrate actual prejudice, unless each of the first three factors "all weigh heavily against the government." *United States v. Harris*, 376 F.3d 1282, 1290 (11th Cir.2004) (requiring the defendant to show actual prejudice, where the delay was due to the "scheduling demands of the court's calendar") (quoting *United States v. Dunn*, 345 F.3d 1285, 1296 (11th Cir.2003)). Here, the Defendant argues that he is not required to demonstrate actual prejudice under *Harris*.

### I. Length of Delay

██ The first factor a court will examine under a *Barker* analysis is the length of the delay. Delays exceeding one year are generally found to be "presumptively prejudicial." *Doggett*, 505 U.S. at 651–52, 112 S.Ct. 2686 (finding an eight-year delay sufficient); *United States v. Ingram*, 446 F.3d 1332, 1336–37 (11th Cir. 2006) (finding a two-year delay to be "twice the threshold for presuming prejudice"). This threshold requirement does not alone warrant dismissal of the indictment, but invites the Court to consider the remaining factors. *Id.* (finding an eight-and-a-half year delay to be sufficient to trigger the speedy trial enquiry). "While such presumptive prejudice cannot alone carry a Sixth Amendment claim without regard to the other *Barker* criteria, it is part of the mix of relevant facts, and its importance increases with length of delay."

*Id.* at 655–56, 112 S.Ct. 2686. Here, the ten-year delay between indictment and arrest weighs heavily against the Government.

## II. Reason for Delay

 The second factor is the reason for the delay. *Doggett*, 505 U.S. at 652, 112 S.Ct. 2686. In assessing this factor, the Court must consider whether the Government or the Defendant is more responsible for the delay. *Id.* In *Ingram*, the Eleventh Circuit noted that "a defendant who intentionally evades the Government's efforts to bring him to trial is culpable in causing the delay." *Ingram*, 446 F.3d at 1337. In the instant case, the Defendant argues that he left the United States before his indictment. The Government asserts, however, that the Defendant had lived in Miami for fifteen years and fled to Haiti only after learning that he was a target in the criminal investigation underlying this case.

The Government contends that it conducted a diligent search to locate defendant for the purpose of arresting him. The Government maintained information regarding the Defendant's status in national law enforcement databases, checked credit databases periodically, and conducted an investigation of the Defendant's female companion. Furthermore, the Government points out that its efforts to bring the Defendant to the United States to face these charges was hampered by the tumultuous political climate in Haiti and its non-cooperative extradition policy. Regardless, this Court need not examine Haitian foreign policy to conclude that the Government is not entirely culpable for the delay at issue. Unlike the defendant in *United States v. Ospina*, 485 F.Supp.2d 1357 (S.D.Fla.2007), which involved an eight-year delay and a defendant who was involuntarily deported back to Colombia, the

Defendant here voluntarily left the United States for Haiti after learning of forthcoming criminal charges. Thus, the Court finds that this *Barker* factor does not weigh heavily against the Government. Accordingly, the Defendant must show actual prejudice to demonstrate a violation of his Sixth Amendment right to a speedy trial. *Harris*, 376 F.3d at 1290.

## III. Assertion of Speedy Trial Right

 Since the second *Barker* factor does not weigh heavily against the Government, the Defendant must show actual prejudice. *Id.* However, for the sake of completeness, it will briefly discuss the third *Barker* factor, which asks whether the defendant has timely asserted his right to a speedy trial. *Barker*, 407 U.S. at 530, 92 S.Ct. 2182. The Government contends that the Defendant knew of the criminal indictment against him and raised the issue of his right to a speedy trial for the first time on October 18, 2007 through the instant motion. Therefore, this factor also does not weigh heavily against the Government.

## IV. Prejudice to Defendant

 The final factor of the *Barker* analysis is the prejudice caused by the delay. *Doggett*, 505 U.S. at 654, 112 S.Ct. 2686. As the Supreme Court held in *Doggett*, an unreasonable delay "threatens to produce more than one sort of harm, including oppressive pretrial incarceration, anxiety and concern of the accused, and the possibility that the [accused's] defense will be impaired." *Id.* (internal citations and quotations omitted). The Supreme Court especially noted that the most serious form of prejudice is the last, pertaining to a defendant's ability to put on a defense. *Id.* That is also the form of prejudice the Defendant is claiming here. Accordingly, he argues that the lapse of time has weak-

ened his ability to procure documentary evidence. The *Doggett* Court found this argument convincing in ultimately dismissing the indictment in that case. *Id.* at 655, 112 S.Ct. 2686. The *Doggett* Court stated:

> *Barker* explicitly recognized that impairment of one's defense is the most difficult form of speedy trial prejudice to prove because time's erosion of exculpatory evidence and testimony can rarely be shown. And though time can tilt the case against either side, one cannot generally be sure which of them it has prejudiced more severely. Thus, we generally have to recognize that excessive delay presumptively compromises the reliability of a trial in ways that neither party can prove or, for that matter, identify.

*Id.* (internal citations and quotations omitted). Because the Court found that the other three *Barker* factors weighed heavily against the Government, the defendant in *Doggett* was not required to make a particularized showing of prejudice. *Id.*

 However, the case at bar is distinguishable from *Doggett*. In that case, a defendant who was unaware of his pending indictment "[r]eturned to the United States, . . . [was] married, earned a college degree, found a steady job as a computer operations manager, lived openly under his own name, and stayed within the law." *Doggett*, 505 U.S. at 649, 112 S.Ct. 2686. Here, the Defendant knew of his involvement in a criminal investigation and fled to Haiti. Rather than attempt to demonstrate actual prejudice, the Defendant merely makes a blanket assertion that a delay of ten years is "presumptively prejudicial." While this view is consistent with Eleventh Circuit and United States Supreme Court case law, the analysis does not end there. As noted above, in the Eleventh Circuit, a defendant must show actual prejudice, unless the first three *Barker* factors "all weigh heavily against the Government." *United States v. Dunn*, 345 F.3d 1285, 1296 (11th Cir.2003). Because the Court finds in this case that the first three *Barker* factors do not weigh heavily against the Government, the Defendant is required to show actual prejudice. Because the Defendant has failed to do so, he has not met his burden to establish a violation of his Sixth Amendment right to a speedy trial. The Defendant's motion to dismiss the indictment is denied.