United States Court of Appeals,

Eleventh Circuit.

No. 95-6295.

UNITED STATES of America, Plaintiff-Appellant,

v.

Alblunte Sabatini CLARK, Defendant-Appellee.

May 23, 1996.

Appeal from the United States District Court for the Middle District of Alabama. (No. CR-93-240-N), Robert E. Varner, District Judge.

Before ANDERSON and BLACK, Circuit Judges, and HENDERSON, Senior Circuit Judge.

PER CURIAM:

The Government appeals the district court's dismissal of a federal indictment returned against Appellee Alblunte Sabatini Clark charging him with six counts relating to controlled substance violations in contravention of 21 U.S.C. § 841(a)(1) and one count relating to carrying firearms during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1). The district court dismissed the indictment with prejudice on the ground that a 17-month delay in arresting Clark following the return of the indictment violated his Sixth Amendment right to a speedy trial.[1] We reverse.

I. BACKGROUND

Clark was initially arrested on July 1, 1993, for allegedly selling narcotics to a confidential informant working with the

---

[1]The Sixth Amendment provides, "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial...." U.S. Const. amend. VI.

Narcotics/Intelligence Bureau of the Montgomery Police Department. Prior to Clark's appearance in state court, the charges were nol prossed. The case was accepted by the U.S. Attorney's Office for prosecution, and a federal indictment was returned against Clark on September 7, 1993. Clark was not arrested until February 22, 1995, over 17 months after the indictment. Neither Clark nor his counsel were aware of the federal indictment until the date of Clark's arrest.

Prior to the time of the indictment until his arrest, Clark continuously resided in the same apartment listed on the arrest warrant and attended classes at Alabama State University in Montgomery. The only attempt to locate Clark prior to the date of his arrest was made by a city police officer who testified that no one answered when he knocked on the door of Clark's apartment. The Montgomery Police Department suspended efforts to locate Clark following this attempt, apparently under the impression that the U.S. Marshal's office would take over. Clark was ultimately arrested while sitting in class at Alabama State University.

## II. STANDARD OF REVIEW

Determination of whether a defendant's constitutional right to a speedy trial has been violated is a mixed question of law and fact. *Yapp v. Reno,* 26 F.3d 1562, 1565 (11th Cir.1994). Questions of law are reviewed *de novo,* and findings of fact are reviewed under the clearly erroneous standard. *Id.*

## III. DISCUSSION

Speedy trial challenges are subject to a four-factor test established by the Supreme Court in *Barker v. Wingo,* 407 U.S. 514,

92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). The factors are: (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of the speedy trial right; and (4) prejudice to the defendant. 407 U.S. at 530, 92 S.Ct. at 2192.

A. *Length of Delay*

To trigger a speedy trial analysis in the first instance, a defendant must show that the length of the delay between indictment and arrest was "presumptively prejudicial." *Doggett v. United States,* 505 U.S. 647, 651-52, 112 S.Ct. 2686, 2690-91, 120 L.Ed.2d 520 (1992). Only if this threshold point is satisfied may the court proceed with the final three factors in the *Barker* analysis. *Id.* Since delays exceeding one year are generally found to be "presumptively prejudicial," *id.* at 652 n. 1, 112 S.Ct. at 2691 n. 1, we conclude that the 17-month delay in this case is sufficient to entitle Clark to a presumption of prejudice. Although he is entitled to such a presumption, however, he retains the burden of proving the remaining factors in the speedy trial inquiry under *Barker.*

B. *Reason for Delay*

During the entire duration of the delay, Clark continuously resided in the same apartment listed on the arrest warrant and attended classes at the same local university as he had prior to his alleged illegal activities. There is no evidence that Clark attempted to elude the authorities in any way, nor that he or his counsel were even aware of the indictment until his arrest. The district court found that "it appears clear ... that [Clark] was well within the considerable reach of the Government during the

entire 17-month period between his indictment and eventual capture.... In short, the Government's failure to arrest Clark was due entirely to negligence." We review this determination with considerable deference, *id.* at 652, 112 S.Ct. at 2691, and reach the same conclusion.

The Government concedes that the reason for the delay was solely attributable to its negligence, but argues it should be excused. The Government claims the police did not actively search for Clark during the 17-month delay period because they erroneously assumed the U.S. Marshal's office had the arrest warrant and planned to serve him. Although the Government's negligence appears to have been unintentional,[2] attributable to the arrest warrant having mistakenly "fallen through the cracks," the fact still remains that only one feeble attempt was made to locate Clark prior to the date of his arrest. We therefore conclude the district court did not err in finding the Government failed to act with appropriate diligence in pursuing Clark.

C. *Assertion of Speedy Trial Right*

The district court found that neither Clark nor his counsel knew of the federal indictment until the date of Clark's arrest. Since Clark duly asserted his right to a speedy trial as soon as he learned he had been indicted, he cannot be faulted for contributing to the delay. Thus, this factor weighs in Clark's favor.

D. *Prejudice*

---

[2]The district court hinted that the Government acted with specific intent to delay prosecution in converting two original suspects in the case into Government witnesses. There is no evidence to support such a conclusion.

We now must determine whether Clark should be required to demonstrate actual prejudice resulting from the delay. This requires us to revisit the reasons for and the extent of the delay. *See id.* at 657-58, 112 S.Ct. at 2693-94. In the absence of proof of particularized prejudice, government negligence and a substantial delay will compel relief unless the presumption of prejudice is either "extenuated, as by the defendant's acquiescence, [ ]or persuasively rebutted" by the Government. *Id.* at 658, 112 S.Ct. at 2694.

In cases of government negligence or bad faith, the reasons for the delay are critical and must be examined closely. *See id.* at 656-57, 112 S.Ct. at 2693. Deliberate intent to delay a trial in order to impair the defense is weighted more heavily against the Government than delay resulting from mere negligence. *Barker,* 407 U.S. at 531, 92 S.Ct. at 2192. That is, where the Government engages in bad-faith delay, our concerns regarding the length of the delay and substantiating prejudice are much reduced, thereby bolstering a defendant's chance for relief. As discussed above, the Government concedes that it was negligent in pursuing Clark, but maintains that its lack of diligence was due to its erroneous assumption that the U.S. Marshal's office had taken over the case. Finding no evidence demonstrating deliberate delay by the Government, we proceed with our analysis.

In cases of government negligence, our concern for substantiating prejudice decreases as the period of delay increases. *Doggett,* 505 U.S. at 657-58, 112 S.Ct. at 2693-94. Indeed, in *Doggett,* an 81/2-year delay caused solely by government

negligence was considered by the Supreme Court to be long enough that affirmative proof of particularized prejudice was not essential. *Id.* at 655, 657-58, 112 S.Ct. at 2692, 2694. Citing *Robinson v. Whitley,* 2 F.3d 562 (5th Cir.1993), *cert. denied,* --- U.S. ----, 114 S.Ct. 1197, 127 L.Ed.2d 546 (1994), the Government argues that because the 17-month delay in this case was not nearly as long as the 81/2-year delay in *Doggett,* Clark should be required to show actual prejudice. In *Robinson,* the length of the delay between the defendant's arrest and trial was 421/2 months. 2 F.3d at 568. The court noted the defendant caused the majority of the delay by fleeing and changing his name, but found that 141/2 months of it was attributable to negligence on the part of the Government. *Id.* at 569-70. Finding the delay "not even close to the eight-and-one-half year delay in *Doggett,*" the court held the defendant was required to demonstrate prejudice. *Id.* at 570.

The Supreme Court noted in *Doggett* that the toleration of negligence varies inversely with the length of the delay caused by that negligence. *Doggett,* 505 U.S. at 657, 112 S.Ct. at 2693. Keeping this dictate in mind, we suggest that the outer parameters guiding this part of our inquiry have been set. On one end of the spectrum, the Supreme Court has held that an 81/2-year delay caused solely by government negligence is long enough to excuse a defendant from having to show particularized prejudice. *Id.* at 655, 658, 112 S.Ct. at 2692, 2694. On the other end, we agree with the *Robinson* court that a 141/2-month delay caused by government negligence is insufficient to excuse a defendant from making such a showing. *Robinson,* 2 F.3d at 570.

Although the defendant was responsible for a majority of the delay in *Robinson,* the 141/2-month delay attributable to the Government was much less than the 81/2-year delay in *Doggett.* The 17-month delay in this case, less than three months longer than that attributable to the Government in *Robinson,* is likewise not very great when measured by *Doggett.* Unfortunately, there is no hard and fast rule to apply here, and each case must be decided on its own facts. In light of the foregoing, however, we conclude the district court erred in failing to require that Clark show actual prejudice resulting from the delay. *See United States v. Beamon,* 992 F.2d 1009, 1015 (9th Cir.1993) (holding delay of 17 to 20 months solely attributable to government negligence insufficient to excuse defendants from showing actual prejudice).

Actual prejudice can be shown in three ways: (1) oppressive pretrial incarceration, (2) anxiety and concern of the accused, and (3) possibility that the accused's defense will be impaired. *Doggett,* 505 U.S. at 654, 112 S.Ct. at 2692. Since Clark was not in custody nor aware of the federal charges against him during the delay, the first two forms of prejudice identified in *Doggett* are inapplicable. Thus, only the third form of prejudice, impairment of the defense, is at issue here. Citing *Doggett* for the proposition that this form of prejudice is the most difficult to prove, *id.,* Clark nevertheless claims that his defense was impaired as a result of his counsel's alleged inability to locate two Government witnesses.

Finding Clark had an adequate opportunity to demonstrate impairment at the hearing on his motion to dismiss the indictment,

we agree with the district court's conclusion that Clark's showing of prejudice was "weak." At the hearing, the district court heard testimony from the private detective allegedly hired by Clark to locate the two Government witnesses. This testimony was both unclear and unpersuasive, and Clark's mere conclusory allegations of impairment are insufficient to constitute proof of actual prejudice. *See United States v. Hayes,* 40 F.3d 362, 366 (11th Cir.1994), *cert. denied,* --- U.S. ----, 116 S.Ct. 62, 133 L.Ed.2d 24 (1995). On balance, in light of the Government's unintentional delay of less than two times the one-year benchmark and Clark's minimal showing of prejudice, the district court erred in dismissing the indictment on Sixth Amendment grounds.

## IV. CONCLUSION

The 17-month delay between the federal indictment and Clark's arrest did not violate his Sixth Amendment right to a speedy trial. We conclude the district court improperly dismissed the indictment with prejudice.

REVERSED and REMANDED.