DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Defendant, Charles Auterbridge, appeals from his conviction and sentence for two counts of assault in violation of R.C.2903.13(A). We affirm.
On July 21, 1995, Defendant assaulted two correctional officers in the Lorain Correctional Institution. At that time, Defendant was serving a sentence in the correctional facility for an aggravated drug trafficking conviction. On November 29, 1995, the Lorain County Grand Jury indicted Defendant for two counts of assault in violation of R.C. 2903.13(A). In December of 1995, Defendant was transferred from the Lorain Correctional Institution to the Allen Correctional Facility. In November of 1996, Defendant was transferred to the Lorain County Jail and was served the indictment.
On January 8, 1997, Defendant moved to dismiss based on a constitutional speedy trial violation. The trial court requested and received supplemental briefs from Defendant and the state regarding R.C. 2941.401. After conducting a hearing, the trial court denied Defendant's motion.
On February 10, 1997, Defendant entered, and the trial court accepted, a plea of no contest to the two assault charges in the indictment. The trial court sentenced Defendant to six months in the Lorain Correctional Institution for each count to run concurrently with each other.
Defendant timely appeals the judgment of the trial court and raises one assignment of error.
 ASSIGNMENT OF ERROR
The trial court erred to the prejudice of the appellant and in violation of rights conferred by O.R.C. Sections 2941.401,2945.71, 2945.72, 2945.73, Article I Section 10 of the Constitution of the State of Ohio and the Sixth andFourteenth Amendments to the United States Constitution when it denied [Defendant's] motion to dismiss.
Defendant avers that the trial court erred by determining that R.C. 2941.401 does not require the state to exercise reasonable diligence in serving Defendant his indictment. He thus contends that his statutory right to a speedy trial has been violated. We disagree.
In reviewing a trial court's determination of whether a defendant's right to a speedy trial was violated, an appellate court applies the de novo standard to questions of law and the clearly erroneous standard to questions of fact. See UnitedStates v. Smith (C.A. 6, 1996), 94 F.3d 204, 208, certiorari denied (1997), ___ U.S. ___, 136 L.Ed.2d 877. See, also, United States v.Clark (C.A. 11, 1996), 83 F.3d 1350, 1352.
R.C. 2941.401 provides the following:
 When a person has entered upon a term of imprisonment in a correctional institution of this state, and when during the continuance of the term of imprisonment there is pending in this state any untried indictment, information, or complaint against the prisoner, he shall be brought to trial within one hundred eighty days after he causes to be delivered to the prosecuting attorney and the appropriate court in which the matter is pending, written notice of the place of his imprisonment and a request for a final disposition to be made of the matter, * * *
 The warden or superintendent having custody of the prisoner shall promptly inform him in writing of the source and contents of any untried indictment, information, or complaint against him, concerning which the warden or superintendent has knowledge, and of his right to make a request for final disposition thereof.
The language of the statute does not impose a duty on the state to use reasonable diligence in serving indictments to defendants who are already in prison. More specifically, "R.C. 2941.401 does not mention `a duty of reasonable diligence' that must be exercised by the state." State v. Himes (Dec. 12, 1988), Clermont App. No. CA88-01-007, unreported, 1988 Ohio App. LEXIS 4877, *7-8. We find that the trial court did not err in concluding that R.C. 2941.401
does not require the state to use reasonable diligence to serve a defendant an indictment. We now address the constitutional speedy trial right analysis.
Defendant argues that the trial court erred in concluding that Defendant's constitutional right to a speedy trial was not violated. We disagree.
In determining whether a defendant's right to a speedy trial under Article I, Section 10 of the Ohio Constitution, and theSixth Amendment to the United States Constitution has been violated, courts apply a two prong test. The first prong of the test triggers a speedy trial violation inquiry and involves a defendant showing that the delay experienced by the defendant was presumptively prejudicial. Doggett v. United States (1992),505 U.S. 647, 651-52, 120 L.Ed.2d 520, 528. See United States v.Smith, 94 F.3d at 208-09.
In a footnote, the Supreme Court noted without approving or disapproving that some states have construed a one-year delay as meeting the first prong threshold. Doggett v. United States,505 U.S. at 652, 120 L.Ed.2d 520, 528, fn. 1. See State v. Triplett
(1997), 78 Ohio St.3d 566, 569. We will assume without deciding that Defendant's delay of just under one year met the first prong threshold. However, we find that Defendant failed to fulfill the second prong of the test.
Once the first prong is satisfied, a court proceeds to the second prong of the test. The second prong entails balancing the following four factors:
(1) the length of the delay;
(2) the reason for the delay;
(3) whether the defendant asserted his right; and
(4) the prejudice to the defendant.
Barker v. Wingo (1972), 407 U.S. 514, 530-32, 33 L.Ed.2d 101,117-18. See Doggett v. United States, 505 U.S. at 651,120 L.Ed.2d 520, 528. The first prong is different from the first factor of the second prong because the length of the delay inquiry of the latter considers whether the length of the delay when balanced with the other three factors establishes prejudice and may on its own, but only in extreme circumstances, create evidentiary prejudice. United States v. Smith, 94 F.3d at 209. In contrast, the first prong determines whether the delay is presumptively prejudicial to trigger the application of the balancing test. We first turn to how courts have interpreted the four factors.
In assessing the first factor, the length of the delay, the Ohio Supreme Court has attached a prejudice inquiry to the determination of the weight of the first factor. The Court has asserted that a fifty-four month delay was significant but,
 [it] did not result in any infringement on [Defendant's] liberty. In fact, according to her own testimony, she was completely ignorant of any charges against her. The interests which the Sixth Amendment was designed to protect — freedom from extended pretrial incarceration and from the disruption caused by unresolved charges — were not issues in this case. Therefore, while the first factor does technically weigh in [Defendant's] favor, its weight is negligible.
State v. Triplett, 78 Ohio St.3d at 569. This Court addressed a thirteen-month delay between the indictment and service of the indictment and concluded that the delay was not grievously long.State v. Worthy (July 16, 1997), Lorain App. No. 96CA006576, unreported, at 3-4. This Court asserted the following rationale:
 [Defendant] claims to have been likewise ignorant of the charges against him until the detainer was placed upon him in prison. Throughout the period from indictment to detainer, [Defendant] was imprisoned on unrelated charges. Thus, the delay in [Defendant's] prosecution did not affect his interests in freedom from pretrial incarceration and in avoiding disruption from unresolved charges. The length of [Defendant's] delay was indeed not grievous and is weighed negligibly in his favor.
Id. at 4.
In terms of the second factor, the reason for the delay, the Supreme Court has noted that this factor should be analyzed in light of the length of the delay and the prejudice resulting from it. Doggett v. United States, 505 U.S. at 657, 120 L.Ed.2d 520,532. Specifically, the Supreme Court noted that "negligence unaccompanied by particularized trial prejudice must have lasted longer than negligence demonstrably causing such prejudice." Id.
In essence, the Court has suggested that the length of the delay significantly impacts the reason and the prejudice inquiries. The Court also indicated that "the weight we assign to official negligence compounds over time as the presumption of evidentiary prejudice grows." Id.
In Barker, the Supreme Court looked at a delay of twenty months between the time when the defendant first objected to the trial delay and the time of trial and focused on the intentional conduct of the government in filing sixteen continuances. Barkerv. Wingo, 407 U.S. at 516-19, 33 L.Ed.2d 101, 109-10. In addition, the Court noted:
 A deliberate attempt to delay the trial in order to hamper the defense should be weighed heavily against the government. (citation omitted) A more neutral reason such as negligence or overcrowded courts should be weighed less heavily * * *.
Id. at 531, 33 L.Ed.2d at 117. This Court maintained that negligence should be considered in the following light:
 With respect to the second Barker factor, the trial court found that the reason for the delay appeared to be the state's neglect, and then correctly pronounced that such a reason "certainly must be considered, but not given as much weight as if a delay was intentional on the part of the State."
State v. Worthy, supra, at 4, citing Triplett, supra, at 571. In addition, we noted in State v. Grant that less weight should be given to the state's negligence than to a deliberate delay by the state. State v. Grant (1995), 103 Ohio App.3d 28, 35, citingBarker v. Wingo, 407 U.S. at 531, 33 L.Ed.2d 101, 117.
Regarding the third factor, whether a defendant has asserted his right, courts have recognized the importance of a defendant timely asserting his or her right to a speedy trial. See Barkerv. Wingo, 407 U.S. at 531-32, 33 L.Ed.2d 101, 117-18. The Ohio Supreme Court and this Court have determined that a defendant's timely assertion should be afforded moderate weight. See State v.Triplett, 78 Ohio St.3d at 570. See, also, State v. Worthy,supra, at 5.
In terms of the fourth factor, the prejudice to the defendant, the Supreme Court in Barker emphasized that this factor should be construed in the context of the following three interests protected by the right to a speedy trial: (1) to prevent oppressive pretrial incarceration, (2) to minimize anxiety and concern of the accused, and (3) to limit the possibility that the defense will be impaired. Barker v. Wingo, 407 U.S. at 532,33 L.Ed.2d 101, 118. See United States v. Mundt (C.A. 6, 1994),29 F.3d 233, 236. The Court further acknowledged that a defense would be impaired under the circumstances where witnesses died or disappeared or the length of time made it so the witnesses could not accurately recall the events of the distant past. Barker v.Wingo, 407 U.S. at 532, 33 L.Ed.2d 101, 118. The Supreme Court found that the fourth factor weighed heavily in its determination that a defendant's right to a speedy trial was violated when actual prejudice was present in the form of the death of two witnesses and the loss of police records. Dickey v. Florida
(1970), 398 U.S. 30, 38, 26 L.Ed.2d 26, 32.
The Supreme Court noted that the prejudice of inhibiting a defendant's ability to prepare his or her case increases with the length of the delay. Doggett v. United States,505 U.S. at 655-56, 120 L.Ed.2d 520, 530-31. The Sixth Circuit maintained that in an extreme case the length of the delay would be long enough for it to prejudice a party's ability to defend itself where the length was an "extraordinary" eight-and-a-half years as it was in Doggett. United States v. Smith, 94 F.3d at 211. Nonetheless, both the United States Supreme Court and the Supreme Court of Ohio have recognized that "The Sixth Amendment right to a speedy trial is thus not primarily intended to prevent prejudice to the defense caused by passage of time; that interest is protected primarily by the Due Process Clause and by statutes of limitations." United States v. MacDonald (1982), 456 U.S. 1, 8,71 L.Ed.2d 696, 704. See State v. Triplett, 78 Ohio St.3d at 568.
Referring to the third interest protected by the speedy trial guarantee, the Sixth Circuit found:
 Defendant's defense was not dependent upon exculpatory evidence that might be lost or thrown away or the testimony of witnesses whose memories might fade with time.
United States v. Mundt, 29 F.3d at 237. Furthermore, this Court recently concluded the following:
 [Defendant] argues that the delay impaired the mounting of his defense. [Defendant] recounts accurately in his brief what he argued before the trial court: "that there may have been possible alibi witnesses and that he may have been out of town on the date he was alleged to have committed this offense." (Emphasis added). * * * By asserting that but for the delay of thirteen months, he may have been able to meet the state's case by providing alibi witnesses and other witnesses, [Defendant] falls well short of showing the prejudice established in Grant.
State v. Worthy, supra, at 5-6.
We now turn to how courts have considered the four factors together. The Supreme Court has maintained that the four factors must be considered together. Barker v. Wingo,407 U.S. at 533, 33 L.Ed.2d 101, 118. The Court proceeded to conclude that although factors one and two favored the defendant because the delay was five years and the government had intentionally caused the delay, factors three and four tipped the scale back in favor of the government because the defendant failed to assert his right until twenty months were left in the five-year delay and the prejudice resulting from the delay was minimal. Id. at 534,33 L.Ed.2d at 119. Consequently, the Court held that the defendant's right to a speedy trial was not violated. Id. at 536,33 L.Ed.2d at 120.
In applying the four-factor test, we find that Defendant did not meet the second prong of speedy trial violation test. In terms of the first factor, the length of the delay, the parties in this case do not dispute that the delay between indictment and service of the indictment was approximately just under one year. Because Defendant's liberty was not inhibited by this delay and he did not lose exculpatory evidence due to this delay, this factor weighs in Defendant's favor but only negligibly.
Regarding the second factor, the reason for the delay, Defendant asserts that the state's failure to make sure the sheriff's department served his indictment demonstrated negligent and intentional conduct by the state. Defendant failed to present evidence showing that the state's conduct was intentional. Thus, this factor does not weigh as heavily against the state. In this case, the delay caused by the government's alleged misconduct lasted just under one year. In Doggett, the length of the government's negligence was six years. As a result, the inquiry into the prejudice issue was not as demanding as is required in this case where the length of the delay caused by the government's alleged negligence was only one-sixth the length of the delay inDoggett. In terms of the third factor, Defendant did not fail or neglect to timely assert his right to a speedy trial. After the indictment was served on him and counsel was appointed to him, he moved to dismiss on speedy trial grounds. Thus, this factor does not negate Defendant's claim.
Regarding the prejudice to the defendant factor, Defendant claims that the approximately one-year delay hindered his ability to secure and interview potential witnesses to defend himself. However, no witnesses died or became unavailable due to the delay. Furthermore, there was no loss of exculpatory evidence such as a urine sample in the context of a drug abuse charge.
Our focus upon the fourth factor is supported by federal and state law precedent. When considering all the factors together pursuant to Barker and its progeny, this Court in Grant found that there was (1) a seventeen-month delay, (2) negligent conduct by the government causing the delay, and (3) a defendant who had asserted his right to a speedy trial soon after becoming aware of the charges. State v. Grant, 103 Ohio App.3d at 34-35. This Court then proceeded to an assessment of the fourth factor, the prejudice inquiry. Thus, this Court was not satisfied by the first three factors leading to a conclusion that the right to a speedy trial was violated. Rather, this Court further contemplated the fourth factor of Barker. Consequently, this Court found that there was prejudice because the urine sample was no longer in existence, and this was exculpatory evidence in the sense that without it, defendant could not make a case against the government on a drug abuse charge. Id. at 35-36.
In the case at bar, Defendant claims that the loss of an opportunity to secure potential witnesses has prejudiced his case. We find that such a claim falls short of the prejudice standard contemplated by the fourth factor inquiry. Thus, the trial court did not err in determining that Defendant's constitutional right to a speedy trial was not violated.
Defendant's assignment of error is overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this court, directing the County of Lorain Common Pleas Court to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
 Exceptions. _________________________________ LYNN C. SLABY
FOR THE COURT
REECE, J.
DICKINSON, J.
CONCUR