{¶ 26} I agree with the majority that defendant's assignment of error must be overruled. I write separately because I am concerned that confusion has crept into this Court's speedy trial cases regarding the applicable standard of review.
 {¶ 27} Speedy trial cases, like other cases, can present questions of law, fact, or both. To the extent this Court reviews questions of law, I agree that it does so de novo. The problem relates to its review of findings of fact. The majority has written, based on previous precedent from this Court, that a "clearly erroneous standard of review" is applicable to a trial court's factual determinations.
 {¶ 28} The "clearly erroneous standard of review" is a phrase that federal appellate courts use to designate the standard they use in reviewing factual determinations in non-jury cases. Rule 52 of the Federal Rules of Civil Procedure provides, in part, that such findings should not be set aside unless they are "clearly erroneous." The phrase "clearly erroneous standard of review" appears to have first crept into this Court's speedy trial cases in State v. Auterbridge, 9th Dist. No. 97CA006702, 1998 WL 103348 (Feb. 25, 1998). Significantly, in that case, the Court relied exclusively on two federal appellate decisions as support for its holding that the "clearly erroneous standard of review" is applicable to review of findings of fact in speedy trial cases:
 In reviewing a trial court's determination of whether a defendant's right to a speedy trial was violated, an appellate court applies the de novo standard to questions of law and the clearly erroneous standard *Page 12 
to questions of fact. See United States v. Smith (C.A. 6, 1996), 94 F.3d 204, 208, certiorari denied (1997), 519 U.S. 1133, 117 S. Ct. 997, 136 L.Ed. 2d 877. See, also, United States v. Clark (C.A. 11, 1996), 83 F.3d 1350, 1352.
Id at *1. I feel compelled to confess that I was a member of the panel that decided Auterbridge and joined in that opinion. I now recognize that it was unfortunate that the Court lifted the phrase "clearly erroneous standard of review" from the federal cases cited.
 {¶ 29} Ohio courts review findings of fact to determine whether they are supported by sufficient evidence and whether they are against the manifest weight of the evidence. Whether a finding of fact is supported by sufficient evidence is a legal question and, like other legal questions, is considered de novo. State v. Thompkins,78 Ohio St. 3d 380, 386 (1997). The definitive statement of the manifest weight standard of review, at least for criminal cases, comes from Statev. Otten, 33 Ohio App. 3d 339, 340 (1986):
 [A]n appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.
 {¶ 30} In State v. Wilson, 113 Ohio St. 3d 382, 2007-Ohio-2202, at ¶ 21, the Ohio Supreme Court determined that the "clearly erroneous" standard of review, as applied by this Court, is actually the "civil manifest-weight-of-the-evidence standard" of review identified in that case: whether there "is `some competent, *Page 13 
credible evidence' to support the trial court's determination." The "clearly erroneous standard of review," as applied by federal appellate courts, however, is more similar to the manifest weight standard of review applied by Ohio courts in criminal cases, and, in practice, may be synonymous to it:
 Although there is considerable force to the observation that "it is idle to try to define" what is meant by "clearly erroneous," the definition announced by the Supreme Court in 1948 has been reiterated many times by that Court and various courts of appeals and continues to be the definitive test in reviewing a district court's findings:
 A finding is "clearly erroneous" when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.
9A Charles Alan Wright Arthur R. Miller, Federal Practice and Procedure § 2585 (2d ed. 2007 Update) (quoting United States v. AluminumCo. of America, 148 F.2d 416, 433 (2d Cir. 1945) and United States v.United States Gypsum Co., 333 U.S. 364, 395 (1948)). It is difficult to imagine a case in which "the trier of fact clearly lost its way and created such a manifest miscarriage of justice that [reversal is necessary]" that will not lead to a "definite and firm conviction that a mistake has been committed" or in which "a definite and firm conviction that a mistake has been committed" will not lead to a conclusion that "the trier of fact clearly lost its way and created such a manifest miscarriage of justice that [reversal is necessary]." This Court's continued use of the phrase "clearly erroneous standard of review" adds nothing to Ohio jurisprudence but confusion, and this Court should end that confusion. It should make it clear that, in speedy trial cases *Page 14 
as in other criminal cases, it reviews legal questions, including whether findings of fact are supported by sufficient evidence, de novo and further reviews findings of fact to determine whether the fact finder clearly lost its way and created such a manifest miscarriage of justice that the trial court's judgment must be reversed.
(Reece, J., retired, of the Ninth District Court of Appeals, sitting by assignment pursuant to, § 6(C), Article IV, Constitution.) *Page 1