[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
November 14, 2008
THOMAS K. KAHN
CLERK

No. 08-10134
Non-Argument Calendar
_____

D. C. Docket No. 07-00144-CR-2-KOB-RRA

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DONEL HATCHER,
a.k.a. Big Al,
etc.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(November 14, 2008)

Before ANDERSON, CARNES and BARKETT, Circuit Judges.

PER CURIAM:

Donel Hatcher appeals his convictions for conspiracy to possess with intent to distribute cocaine and marijuana, 21 U.S.C. §§ 846, 841(b)(1)(B) and (b)(1)(D), possession with intent to distribute marijuana, 21 U.S.C. §§ 841(a)(1) and (b)(1)(D), 18 U.S.C. § 2, attempted possession with intent to distribute 500 grams or more of cocaine, 21 U.S.C. §§ 846, 841(b)(1)(B), possession with intent to distribute cocaine, 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), attempted possession with intent to distribute marijuana, 21 U.S.C. §§ 846, 841(b)(1)(D), and felon in possession of a firearm, 18 U.S.C. § 922(g)(1).

## I. BACKGROUND

A postal inspector in Los Angeles, California, detained a package that was placed in the United States mail with a destination address in Hoover, Alabama, based on the inspector's suspicion that the package contained narcotics. The inspector sent the package to agents in Hoover, Alabama, where officers conducted a dog sniff of the package, obtained a warrant to search it, and uncovered a quantity of marijuana. Officers made a controlled delivery of the package at the address to which it was sent, which was a postal box at a United Parcel Service ("UPS") Store. Hatcher and his codefendant were arrested by the Alabama police

2

on May 2, 2006, after they arrived at the store and obtained the package.

## II. DISCUSSION

Hatcher appeals his conviction on three grounds. First, he argues that the district court erred in denying his motion to dismiss the federal indictment on speedy trial grounds. Second, he argues that the district court erred in denying his motion to suppress the seizure of a package by a postal inspector. Third, Hatcher argues that the district court erred in denying his motion to suppress the search of the residence at 129 Persimmon Street.

### A. Speedy Trial Grounds

Hatcher was arrested on state charges on May 2, 2006, but the federal government did not file the instant indictment until May 2, 2007. He argues that the state held him on behalf of the federal government. Therefore, he argues that the one-year period in which he was in state custody should count against the federal government for purposes of the Speedy Trial Act's 30-day period for filing an indictment following a defendant's arrest, 18 U.S.C. § 3161(b). Moreover, Hatcher argues that the federal government's delay in filing the instant charges also violated his Sixth Amendment[1] right to a speedy trial.

#### 1. Speedy Trial Act

---

[1] The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial . . . ." U.S. Const. amend. VI.

"We review a claim under the Speedy Trial Act de novo." United States v. Schier, 438 F.3d 1104, 1107 (11th Cir. 2006). The Speedy Trial Act provides that "[a]ny information or indictment charging an individual with the commission of an offense shall be filed within [30] days from the date on which such individual was arrested or served with a summons in connection with such charges." 18 U.S.C. § 3161(b). If the indictment is filed after this time limit, the charges are to be dismissed or dropped. 18 U.S.C. § 3162(a)(1).

We have held that "[f]or the time limit of the Act to commence a person must be held for the purpose of answering to a federal charge." United States v. Shahryar, 719 F.2d 1522, 1524-25 (11th Cir. 1983). Thus, we held that "if one is held by state officers on a state charge and subsequently turned over to federal authorities for federal prosecution, the starting date for purposes of the Act is the date that the defendant is delivered into federal custody." Id. at 1525.

Hatcher argues that the starting date for Speedy Trial Act purposes in his case should be the date of his arrest by the Alabama police because the state was holding him for the federal government. However, we have rejected a defendant's claim that the 30-day period for filing an indictment under the Speedy Trial Act began to run while he was in state custody, where the defendant argued that "he was being held by state authorities to answer federal charges." United States v.

4

Russo, 796 F.2d 1443, 1450-51 (11th Cir. 1986). To that end, we held that "[a]lthough the [federal] government may been extensively involved in the ongoing investigation of [the defendant's] case" while the defendant was held in state custody on state charges, the 30-day period for filing a federal indictment under the Speedy Trial Act did not begin to run until the defendant was arrested on federal charges. See id. at 1451. Hatcher faced state charges while he was in state custody. The relevant date for beginning the Speedy Trial Act's 30-day time constraint was the date when Hatcher was taken into federal custody. Hatcher acknowledges that he came into federal custody when he was indicted on federal grounds on May 2, 2007. Therefore, Hatcher's Speedy Trial Act claim was properly denied by the district court.

2. Sixth Amendment Claim

"Determination of whether a defendant's constitutional right to a speedy trial has been violated is a mixed question of law and fact." United States v. Clark, 83 F.3d 1350, 1352 (11th Cir. 1996). "Questions of law are reviewed de novo, and findings of fact are reviewed under the clearly erroneous standard." Id.

We analyze constitutional speedy trial challenges under the four-factor test that the Supreme Court established in Barker v. Wingo, 407 U.S. 514, 530, 92 S. Ct. 2182, 2192 (1972). "The factors are: (1) the length of the delay; (2) the reason

5

for the delay; (3) the defendant's assertion of the speedy trial right; and (4) prejudice to the defendant." Clark, 83 F.3d at 1352. The Supreme Court held that "[s]imply to trigger a speedy trial analysis, an accused must allege that the interval between accusation and trial has crossed the threshold dividing ordinary from 'presumptively prejudicial' delay." Doggett v. United States, 505 U.S. 647, 651-52, 112 S. Ct. 2686, 2690 (1992). "Only if this threshold point is satisfied may the court proceed with the final three factors in the Barker analysis." Clark, 83 F.3d at 1352. Delays exceeding one year are generally found to be "presumptively prejudicial." Id.

Hatcher asserts that he was incarcerated for over a year. However, for Sixth Amendment speedy trial purposes, only the time between indictment or arrest and trial is considered. United States v. Marion, 404 U.S. 307, 320, 92 S. Ct. 455, 463 (1971). See also United States v. Lovasco, 431 U.S. 783, 789, 97 S. Ct. 2044, 2048 (1977) (holding that for Sixth Amendment speedy trial purposes, pre-indictment delay was "wholly irrelevant"). In a dual state and federal case, only the time between the federal arrest or indictment and the federal trial is valid to a motion to dismiss the federal indictment. United States v. Brand, 556 F.2d 1312, 1315 (5th Cir. 1977) (holding that "[t]he defendant's sixth amendment claim also lacks merit because he was not subjected to a federal arrest until after the federal indictment"

6

where a defendant was indicted on federal charges 20 months after his state arrest for the same incident).

Because only three months elapsed between Hatcher's federal indictment and his scheduled federal trial date, the interval does not trigger a speedy trial analysis, and his Sixth Amendment speedy trial claim was properly denied by the district court.

B. Motion to Suppress the Seizure of the Package

Next, Hatcher argues that the district court erred in denying his motion to suppress the initial seizure of the package of marijuana at the post office in California. In his brief, he challenges only the initial detention of the package in California. He argues that this initial seizure was unreasonable under the Fourth Amendment.

"It is well established in this Circuit that to invite error is to preclude review of that error on appeal." See United States v. Silvestri, 409 F.3d 1311, 1337 (11th Cir. 2005). At the suppression hearing, defense counsel stated unequivocally, "I'm not contesting the fact that the initial detention in this case was reasonable." Defense counsel repeated, "I'm not quibbling with [the] initial seizure, I think it was fine, it was right to detain it for a period of time." He then reasserted that Hatcher's challenge was to the reasonableness of the continued detention of the

7

package by postal inspectors for a period of days until a search warrant was obtained in Alabama. As a result, Hatcher is precluded from challenging on appeal the reasonableness of the initial detention of the package under the doctrine of invited error. Id.

C. Motion to Suppress the Search of 129 Persimmon Street

Lastly, Hatcher argues that the district court erred in failing to grant his motion to suppress evidence that was seized from a residence pursuant to a search warrant, because the affidavit in support of the warrant was insufficient to establish probable cause. He argues that the affidavit provided only that officers observed Hatcher and his codefendant obtain a package at the UPS Store that had been traced from California, and that a search of their vehicle revealed some information about the residence. Hatcher argues that there was no indication that any information related to drug trafficking would be found at the residence.

"In reviewing a district court's denial of a motion to suppress, we review its findings of fact for clear error and its application of law to those facts de novo." United States v. Ramirez, 476 F.3d 1231, 1235 (11th Cir. 2007), cert. denied, 127 S. Ct. 2924 (2007). "[W]hen considering a ruling on a motion to suppress, all facts are construed in the light most favorable to the party prevailing in the district court." 476 F.3d at 1235-36.

8

"Probable cause to support a search warrant exists when the totality of the circumstances allow a conclusion that there is a fair probability of finding contraband or evidence at a particular location." United States v. Brundidge, 170 F.3d 1350, 1352 (11th Cir. 1999). "[P]robable cause is a fluid concept – turning on the assessment of probabilities in particular factual contexts." Illinois v. Gates, 462 U.S. 213, 232, 103 S. Ct. 2317, 2329 (1983). "Courts reviewing the legitimacy of search warrants should not interpret supporting affidavits in a hypertechnical manner; rather, a realistic and commonsense approach should be employed so as to encourage recourse to the warrant process and to promote the high level of deference traditionally given to magistrates in their probable cause determinations." United States v. Miller, 24 F.3d 1357, 1361 (11th Cir. 1994). The supporting affidavit "should establish a connection between the defendant and the residence to be searched and a link between the residence and any criminal activity." United States v. Martin, 297 F.3d 1308, 1314 (11th Cir. 2002).

Upon review of the record and the parties' briefs, we discern no error. Hatcher's argument that the affidavit was insufficient is based upon an incomplete version of the information contained within the affidavit. The affidavit additionally contained information that Hatcher and his codefendant were seen two days earlier retrieving an identical package from the UPS Store, that such package was also

sent from Los Angeles to the same address as the intercepted package, that Hatcher and his codefendant left with that package in a car linked to the same address, that an officer subsequently saw that car parked at the residence, and that Hatcher's codefendant had an outstanding warrant for drug trafficking. Therefore, in light of the "great deference" that this Court affords a lower court's determination of probable cause, Brundidge, 170 F.3d at 1352, a "practical, common-sense" assessment of the foregoing information supports the conclusion that "there [was] a fair probability that" evidence of drug trafficking would be found at the residence. Gates, 462 U.S. at 238. The district court did not err in finding that the affidavit in support of the search warrant provided probable cause to search the residence. Accordingly, we also affirm the denial of Hatcher's motion to suppress evidence that was seized pursuant to the warrant. As a result, we affirm Hatcher's convictions.

**AFFIRMED.**