[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
December 10, 2008
THOMAS K. KAHN
CLERK

No. 07-12074

_____

D. C. Docket No. 04-60317-CR-DTKH

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CURLEY VIGILLE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(December 10, 2008)

Before DUBINA, BLACK and FAY, Circuit Judges.

PER CURIAM:

In May 2006, the Government charged Appellant Curley Vigille ("Vigille"), in a superseding federal indictment, along with three codefendants,[1] with one count of conspiracy to possess with the intent to distribute 5 kilograms or more of a substance containing a detectable amount of cocaine and 1,000 kilograms or more of a substance containing a detectable amount of marijuana, in violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(A)(ii), (vii) ("Count One"); one count of conspiracy to engage in financial transactions designed to conceal or disguise the proceeds of an unlawful activity, in violation of 18 U.S.C. § 1956(a)(1)(B)(i), (h) ("Count Two"); and one count of engaging in a financial transaction designed to conceal or disguise the proceeds of an unlawful activity, in violation of 18 U.S.C. §§ 1956(a)(1)(B)(i) and 2 ("Count Three"). The superseding indictment further charged Vigille and one codefendant with conspiracy to carry and possess a firearm in relation to and in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(o), (c) ("Count Four").

Following trial, the jury returned guilty verdicts against Vigille on Counts One, Two and Four; the jury acquitted Vigille on Count Three.[2]

The issues presented on appeal are:

---

[1]The codefendants disappeared and remain fugitives.

[2]The district court sentenced Vigille to 235 months' imprisonment and five years of supervised release. He is presently incarcerated.

1.  Whether the district court erred in denying Vigille's motion to dismiss the indictment for a violation of his right to a speedy trial based on a delay of 16 months between the indictment and the date of Vigille's arrest, and on a delay of 25 months between the indictment and the start of Vigille's trial.

2.  Whether the district court erred in failing to suppress evidence in this case that was previously ruled inadmissible in a prior state court proceeding.

3.  Whether the district court erred in delivering a second *Allen* charge.[3]

4.  Whether the record reflects that ethnic bias tainted the jury's deliberations and verdict.

5.  Whether the district court imposed an unreasonable sentence.

"Determination of whether a defendant's constitutional right to a speedy trial has been violated is a mixed question of law and fact.  Questions of law are reviewed *de novo*, and findings of fact are reviewed under the clearly erroneous standard."  *United States v. Clark*, 83 F.3d 1350, 1352 (11th Cir. 1996) (internal citation omitted) (quoted in *United States v. Ingram*, 446 F.3d 1332, 1336 (11th Cir. 2006)).  However, to the extent Vigille has predicated his claim upon an argument not presented in the district court, his claim will be reviewed for plain error.  *See United States v. Rodriguez*, 398 F.3d 1291, 1298 (11th Cir. 2005).

---

[3]*Allen v. United States*, 164 U.S. 492, 17 S. Ct. 154 (1896).

"We review the district court's determination that res judicata and collateral estoppel do not apply *de novo*." *Lops v. Lops*, 140 F.3d 927, 937 n.10 (11th Cir. 1998).

"We review the legal correctness of a jury instruction *de novo* but defer to the district court on questions of phrasing absent an abuse of discretion." *United States v. Mintmire*, 507 F.3d 1273, 1292-93 (11th Cir. 2007). If an *Allen* charge is given, appellate review is limited to evaluating the coercive impact of the charge. *United States v. Beasley*, 72 F.3d 1518, 1525 (11th Cir. 1996).

The denial of a motion for mistrial is reviewed for an abuse of discretion. *See United States v. Heller*, 785 F.2d 1524, 1527-28 (11th Cir. 1986).

After the United States Supreme Court decided *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738 (2005), this court reviews a defendant's sentence for reasonableness. *United States v. Williams*, 435 F.3d 1350, 1353 (11th Cir. 2006).

As to the first issue, Vigille argued in the district court that the delay of 16 months between his indictment and arrest was a violation of his speedy trial right. In *Barker v. Wingo*, 407 U.S. 514, 530, 92 S. Ct. 2182, 2192 (1972):

the Supreme Court established a four-factor test to determine when a defendant's constitutional right to a speedy trial has been violated. The four factors are: (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of the speedy trial right; and (4) the prejudice to the defendant.

*Ingram*, 446 F.3d at 1336. "Delays exceeding one year are generally found 'presumptive prejudicial.'" *Id.* (citing *Doggett v. United States*, 505 U.S. 647, 652 n.1, 112 S. Ct. 2686, 2692 n.1 (1992)). If the threshold inquiry is satisfied and the second and third factors weigh heavily against the government, the defendant need not show actual prejudice to succeed in showing a violation of his right to a speedy trial. *Id.*

Vigille satisfies the first factor as the length of the delay was 16 months. As to the second factor, law enforcement diligently attempted to locate Vigille for the two months after indictment, and continued to monitor the situation until it handed its apprehension efforts over to the U.S. Marshals Service in May of 2005. Thus, similar to *United States v. Clark*, 83 F.3d 1350, 1352 (11th Cir. 1996), the second and third factors do not weigh heavily against the Government and Vigille is required to show actual prejudice. We conclude the district court did not err in determining Vigille failed to show actual prejudice in the 16-month delay between indictment and arrest.

As to Vigille's contention raised for the first time on appeal, that his speedy trial right was violated in the 25-month delay between indictment and trial, we find no plain error. As stated previously, Vigille is unable to show his speedy trial right was violated in the 16-month delay between indictment and arrest. The extra

nine months between arrest and trial was needed because the trial was continued twice on Vigille's own request, and Vigille did not oppose the Government's request for a continuance.

As to the other issues on appeal, after reading the briefs, reviewing the record, and having the benefit of oral argument, we conclude they do not warrant discussion as they are without merit.  Accordingly, we affirm Vigille's convictions and sentences.

**AFFIRMED.**