[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-11181
Non-Argument Calendar
_____

D.C. Docket No. 8:07-cr-00387-EAK-MAP-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RODOLPHO CRUZ,
a.k.a. Angel Villegas,
a.k.a. Kilo,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(March 7, 2017)

Before MARCUS, ROSENBAUM and FAY, Circuit Judges.

PER CURIAM:

Following a conditional guilty plea, Rodolpho Cruz appeals his conviction for conspiracy to distribute and to possess with intent to distribute five kilograms or more of a mixture containing a detectable amount of cocaine.  We affirm.

## I. BACKGROUND

In November 2004, as part of an investigation into a drug-trafficking organization believed to have been transporting large amounts of cocaine and marijuana from Texas and California to Florida, the Drug Enforcement Administration ("DEA") obtained a search warrant for a tracking device for an implicated black Range Rover.  DEA agents began surveilling the Range Rover; on November 22, 2004, at the request of a DEA agent, the Florida Highway Patrol conducted a traffic stop of the vehicle.  During the traffic stop, a drug dog alerted. The Range Rover was driven to a gas station, where agents searched it and discovered approximately $265,000 in United States currency in a hidden compartment.  The DEA seized the Range Rover and currency.

Cruz was one of the passengers in the Range Rover.  He falsely identified himself to law enforcement officers as "Rodolpho Cruz."[1]  The other occupants were identified as Maria Uriarte ("Uriarte"), Prudencio Uriarte, and Jose Luis Gutierrez.  The occupants of the vehicle were interviewed and photographed; they were not, however, arrested or fingerprinted.

---

[1] Cruz's real name is Angel Villegas.

On November 17, 2005, a federal grand jury returned an indictment against seventeen persons, not including Cruz. *United States v. Espinoza-Salazar*, No. 8:05-cr-498-T-17AEP (M.D. Fla. Nov. 17, 2005). Two of the defendants pled guilty and assisted the government in identifying Cruz.  On September 25, 2007, a federal grand jury indicted Cruz with one count of conspiracy to distribute and to possess with intent to distribute five kilograms or more of a mixture containing a detectable amount of cocaine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846.  A warrant for his arrest was issued that day.  On March 24, 2015, Cruz was arrested in California; after entering his initial appearance, his case was removed to the Middle District of Florida.

Cruz moved to dismiss the indictment based on a violation of his constitutional right to a speedy trial; he argued there was a constitutionally impermissible delay between his indictment and arrest.  He attached a report from the National Crime Information Center ("NCIC"), produced by the government in discovery, which contained his California arrest record and identified him as "'Angel Villegas' a/k/a 'Paul Solis.'"  R. at 125.  The NCIC report showed Cruz was arrested in Lakewood, California, in June 2007, three months prior to the filing of the indictment in this case.  Using the case number provided in the NCIC report, Cruz's counsel stated he had located a three-page document providing additional information about the case on the Los Angeles County Clerk of Superior

3

Court website. Cruz's counsel obtained photographs of Cruz, information about his scheduled court dates, and information about the disposition of the case. Based on the information contained in the NCIC report, which the government possessed, Cruz argued he could have been found within minutes.

The district judge held a hearing on Cruz's motion to dismiss. The government agreed, because it was undisputed the delay between the indictment and arrest was too long, which placed the burden on the government to explain the reason for the delay. The government presented the testimony of DEA Task Force Officer Derek Pollack and Deputy United States Marshal Jeffery Lavallee. Agent Pollack and Deputy Marshal Lavallee testified regarding the efforts the government had undertaken to find Cruz before and after he was indicted and how his use of aliases and false identifying information had stymied the government's efforts. Agent Pollack explained how, even after learning the defendant's real name, the government could not run an NCIC criminal-history report on him, because more identifying information, such as a birthday, Social Security number, or FBI number, would have been needed. Deputy Marshal Lavallee also explained how Cruz's use of multiple aliases had made it more difficult to try to locate him.

Cruz's stepdaughter, Sophia Alexandra Valencia Uriarte, testified on Cruz's behalf. She testified Cruz had lived with her mother, Uriarte, for the past eleven years. She confirmed Cruz's name would not have appeared on any records

4

related to her mother's address, where she claimed Cruz had lived for the past three to four years.

The district judge denied Cruz's motion to dismiss his indictment. She recognized the four-factor test established in *Barker v. Wingo*, 407 U.S. 514, 92 S. Ct. 2182 (1972), and made findings as to each factor.[2] First, the judge found the length of the post-indictment delay was sufficient to show presumptive prejudice and weighed this factor against the government. Second, the judge concluded Cruz was the primary cause of the delay and weighed this factor heavily against him, because he intentionally had provided inaccurate information to law enforcement to obscure his connection to the charged crime. The judge acknowledged the government bore the burden of establishing valid reasons for the delay but concluded he intentionally had inhibited the government's efforts to apprehend him, because Cruz had provided false identifying information to law enforcement. Third, the judge acknowledged the government had conceded Cruz was not aware of the indictment or warrant prior to his arrest and weighed this factor against the government. Fourth, the judge found Cruz's case did not involve the type of extreme governmental negligence found in *United States v. Doggett*, 505 U.S. 647, 112 S. Ct. 2686 (1992), which would have relieved him of the need to show actual

---

[2] The four *Barker* factors courts use when analyzing a potential violation of a defendant's right to a speedy trial are: (1) the length of the delay, (2) the reason for the delay, (3) the defendant's assertion of his right, and (4) whether the defendant had suffered actual prejudice because of the delay. *Barker*, 407 U.S. at 530, 92 S. Ct. at 2192.

prejudice, given the extent of the delay. Because the delay primarily was caused by Cruz, the judge concluded the government had overcome the presumption of prejudice. Therefore, Cruz was required to identify actual prejudice to his case caused by the length of the delay, which he had not done.

Cruz subsequently entered a conditional guilty plea to Count One of the indictment and preserved his right to appeal the denial of his motion to dismiss. Cruz was sentenced to 120 months of imprisonment followed by 5 years of supervised release. On appeal, he argues the district judge erred in denying his motion to dismiss the indictment based on a violation of his constitutional right to a speedy trial, because the delay in excess of seven years between his indictment and arrest, combined with the government's negligence in its attempts to locate him, eliminated his need to show he had suffered actual prejudice as a result of delay.

## II. DISCUSSION

Whether the government deprived a defendant of his constitutional right to a speedy trial is a mixed question of law and fact. *United States v. Villarreal*, 613 F.3d 1344, 1349 (11th Cir. 2010). We review a district judge's factual findings for clear error and legal conclusions de novo. *Id.* "A factual finding is clearly erroneous only if, after we review the evidence, we are left with the definite and firm conviction that a mistake has been committed." *Id.* (citation and internal

quotation marks omitted).  We accord substantial deference to a district judge as factfinder in credibility determinations regarding witness testimony.  *Id.*

The Sixth Amendment to the Constitution provides: "In all criminal prosecutions, the accused shall enjoy the right to a speedy . . . trial."  U.S. Const. amend. VI.  "Because of the unique policies underlying this right, a court must set aside any judgment of conviction, vacate any sentence imposed, and dismiss the indictment if it finds a violation of the defendant's right to a speedy trial." *Villarreal*, 613 F.3d at 1349.  In *Barker*, the Supreme Court established a four-part balancing test to determine whether delay in a defendant's trial caused a deprivation of the constitutional right to a speedy trial.  *Id.* at 1350.  "The balancing test requires us to weigh the following four factors: (1) the length of the delay, (2) the reason for the delay, (3) the defendant's assertion of his right to a speedy trial, and (4) the actual prejudice borne by the defendant."  *Id.* (citing *Barker*, 407 U.S. at 530, 92 S. Ct. at 2192).

If the first three factors uniformly weigh heavily against the government, then the defendant need not demonstrate actual prejudice.  *United States v. Dunn*, 345 F.3d 1285, 1296 (11th Cir. 2003).  Additionally, "[i]n the absence of proof of particularized prejudice, government negligence and a substantial delay will compel relief unless the presumption of prejudice is either extenuated, as by the defendant's acquiescence, or persuasively rebutted by the Government."  *United*

7

*States v. Clark*, 83 F.3d 1350, 1353 (11th Cir. 1996) (citation, internal quotation marks, and alteration omitted).  In cases of government negligence, the concern for actual prejudice decreases as the period of delay increases.  *Id.*; *see also Doggett*, 505 U.S. at 657, 112 S. Ct. at 2693 ("[T]he weight we assign to official negligence compounds over time as the presumption of evidentiary prejudice grows.").  In *Doggett*, the Supreme Court held a delay of eight and a half years, caused solely by government negligence, was sufficiently long to eliminate the need for proof of particularized prejudice.  *Doggett*, 505 U.S. at 657-58, 112 S. Ct. at 2694.

The first *Barker* factor, delay, serves a triggering function; unless the length of the delay is presumptively prejudicial, this court need not consider the remaining factors.  *Dunn*, 345 F.3d at 1296.  A delay of one year is considered presumptively prejudicial.  *Id.*  The delay of over seven years between Cruz's indictment and his arrest was significantly greater than one year, which makes it presumptively prejudicial and weighs heavily against the government.  *Id.*

Under the second *Barker* factor, different reasons for delay are accorded different weights.  *Barker*, 407 U.S. at 531, 92 S. Ct. at 2192.  Negligence is a more neutral act that should not be weighed as heavily as acts done in bad faith. *Id.*  The burden is on the government to explain the cause of any pretrial delay. *United States v. Ingram*, 446 F.3d 1332, 1337 (11th Cir. 2006).  Although we have held defendants were not culpable for post-indictment delay in cases where those

8

defendants were not aware of the indictment, neither our court nor the Supreme Court affirmatively has held knowledge of the indictment is a prerequisite to a finding of culpability, where a defendant nonetheless intentionally evades law enforcement. *Id.* at 1337-38 (holding a district judge erred in holding a defendant culpable where there was no evidence the defendant knew of the indictment or warrant; also noting there was no evidence the defendant was aware law enforcement was looking for him); *see Doggett*, 505 U.S. at 654, 112 S. Ct. at 2691 (holding a defendant could not be faulted for post-indictment delay, because there was no evidence he was aware of the indictment or the police had been looking for him).

In this case, the government has provided a sufficient explanation for the delay. *Ingram*, 446 F.3d at 1337. The district judge did not err in concluding Cruz was culpable in causing the delay by providing false identifying information to law enforcement, nor did the judge err in concluding the government had acted with reasonable diligence in its attempt to locate Cruz. The second factor weighs against Cruz.

Regarding the third *Barker* factor, a defendant's assertion of his speedy trial right is often "entitled to strong evidentiary weight in determining whether a defendant is being deprived of the right," because a timely demand for a speedy trial often supports an inference the defendant was not at fault for the delay, and

9

the delay prejudiced the defendant. *Villarreal*, 613 F.3d at 1353-54 (citation and internal quotation marks omitted). A defendant's "failure to make a demand can hardly be counted against the defendant during those periods when he was unaware charges had been lodged against him." *Id.* at 1354 (citation and internal quotation marks omitted); *see also Ingram*, 446 F.3d at 1338, 1340 (weighing this factor "heavily against the Government," where the defendant asserted his right to a speedy trial soon after learning of the indictment and arrest warrant but had failed to do so beforehand). The government concedes Cruz was unaware of the indictment until after he was arrested in 2015.

Because the first three *Barker* factors do not uniformly weigh heavily against the government, Cruz was required to demonstrate actual prejudice. *Dunn*, 345 F.3d at 1296. Although Cruz argues the government's negligence in trying to locate him, combined with the length of the delay, eliminated the need for particularized prejudice in his case under *Clark* and *Doggett*, this argument is unavailing. *See Clark*, 83 F.3d at 1353-54 (citing *Doggett*, 505 U.S. at 657-58, 112 S. Ct. at 2694) (holding a substantial delay caused solely by government negligence eliminated the need for proof of particularized prejudice). Any government negligence in creating the delay in this case was minimal, if it existed at all, and Cruz contributed to the delay by providing the police with false

identifying information.  Consequently, the district judge correctly denied Cruz's motion to dismiss his indictment.

**AFFIRMED.**