**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Vincent Victor ROGGIO,
Defendant–Appellant.**

**Nos. 87–5694, 87–5695.**

United States Court of Appeals,
Eleventh Circuit.

Jan. 11, 1989.

Vincent Roggio, Morristown, Pa., Alex Hewes, Hewes, Morella, Gelband & Lamberton, Washington, D.C., for defendant-appellant.

Dexter W. Lehtinen, U.S. Atty., Sonia Escobio O'Donnell, Caroline Heck, Asst.

U.S. Attys., Miami, Fla., for plaintiff-appellee.

Before HILL and JOHNSON, Circuit Judge and NICHOLS *, Senior Circuit Judge.

HILL, Circuit Judge:

## I

Following a jury trial, the appellant, Vincent Victor Roggio, was convicted of three counts of mail fraud, in violation of 18 U.S.C. § 1341, three counts of causing materially false statements to be made to federally-insured banks, in violation of 18 U.S.C. § 1014, and one count of causing materially false statements to be made to a federally-insured savings and loan institution, in violation of 18 U.S.C. § 1014. On appeal, Roggio argues that his statutory and constitutional speedy trial rights were violated by delay of his trial, that he received ineffective assistance of counsel, that the government acted improperly in obtaining an indictment against him, and that the evidence was insufficient to sustain his convictions. Because we find no violation of the appellant's statutory and constitutional rights, and since the evidence clearly supported his convictions, we affirm.

## II

■ We first consider Roggio's speedy trial claims. Roggio was indicted twice, once on August 7, 1984, and a second time on October 3, 1985. Both cases were tried jointly on February 9, 1987. Thus, approximately thirty months passed between the issuance of the first indictment and trial, and approximately sixteen months passed between the issuance of the second indictment and trial. The appellant contends that these delays violated the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.* We disagree, however. According to the statute: "Fail-

ure of the defendant to move for dismissal prior to trial ... shall constitute a waiver of the right to dismissal under this section." 18 U.S.C. § 3162(a)(2). Here, the appellant failed to move for a dismissal of his case based on the length of the delays and therefore waived his rights under the Speedy Trial Act. *See United States v. Tenorio-Angel*, 756 F.2d 1505, 1508 (11th Cir.1985) (the defendant's failure to move for dismissal on speedy trial grounds prior to trial waived his right to this sanction under the Speedy Trial Act).

■ In addition, we find no merit to the appellant's constitutional speedy trial claim. Our analysis is governed by *Barker v. Wingo*, 407 U.S. 514, 530, 92 S.Ct. 2182, 2192, 33 L.Ed.2d 101 (1972), which mandates that we assess the length of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant. While thirty and sixteen month delays before trial are by no means trivial, they are nevertheless attributable to the appellant's conduct. For example, between September 1984 and November 1985, delay occurred because Roggio's first attorney, Alexander Hewes, Jr., litigated a series of motions to withdraw as counsel. Hewes also obtained a six month continuance in March 1985 which the government opposed. Moreover, after Hewes finally managed to withdraw in December 1985, and a new lawyer, Eugene Zenobi, assumed control of the defense in both cases, the appellant signed a written waiver of his speedy trial rights in January 1986. The appellant signed the waiver to allow his new lawyer time to prepare for this complex fraud trial. In this light, it is clear that the appellant, and not the government, delayed the trial date. Further, the third Barker factor —the defendant's assertion of his speedy trial right—also weighs heavily against the appellant because he failed to assert his right prior to trial. To the contrary, Roggio's written waiver of his speedy trial right evidences an intent to abandon that right in order to obtain more trial preparation time. Finally, we detect no prejudice

* Honorable Philip Nichols, Jr., Senior U.S. Circuit Judge for the Federal Circuit, sitting by designation.

suffered by the appellant in the delay of his trial. Therefore, we conclude that the *Barker* balancing test indicates that Roggio suffered no impairment of his Sixth Amendment right to a speedy trial.

■ We next consider the appellant's claim that he received ineffective assistance of counsel from Zenobi. At the outset, we note that the appellant insisted on representing himself during his trial despite repeated admonitions by the trial judge about the consequences of such representation. The appellant clearly had a right to represent himself, but in exercising that right he cannot now complain that he received ineffective assistance of counsel at trial. "[A] defendant who elects to represent himself cannot thereafter complain that the quality of his own defense amounted to a denial of 'effective assistance of counsel.'" *Faretta v. California*, 422 U.S. 806, 834 n. 46, 95 S.Ct. 2525, 2540–41 n. 46, 45 L.Ed.2d 562 (1975). Thus, appellant's claim of ineffective assistance of counsel can only concern his attorney's pretrial preparation of the case which might have prejudiced Roggio's right to a fair trial. In this regard, the district judge examined the quality of Zenobi's pretrial representation of the appellant, and he concluded that the attorney had provided "complete and more than adequate preparation" of the case. We see no evidence in the record to indicate that the district judge was incorrect, and therefore we find that Roggio's claim of ineffective assistance of counsel must fail.

■ Moreover, we find no merit in appellant's contention that the government acted improperly in obtaining the first indictment. Even if a basis for dismissing the indictment existed, the appellant failed to move for dismissal before trial. More importantly, the petit jury's subsequent guilty verdict means not only that probable cause existed to believe that the appellant was guilty as charged, but also that he was in fact guilty beyond a reasonable doubt. *United States v. Mechanik*, 475 U.S. 66, 70, 106 S.Ct. 938, 941, 89 L.Ed.2d 50 (1986).

Finally, our scrutiny of this case persuades us that evidence clearly supported appellant's convictions.

III

We have reviewed each of the appellant's contentions raised in this appeal and find them to be without merit. The judgment of the district court is AFFIRMED.