977 F.2d 582
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Vincent Victor ROGGIO, Petitioner-Appellant,
v.
J.J. CLARK, Warden; U.S. Parole Commission, Respondents-Appellees.
 No. 92-5553.
 United States Court of Appeals, Sixth Circuit.
 Oct. 14, 1992.
 
 Before DAVID A. NELSON and SILER, Circuit Judges, and MILES, Senior Circuit Judge.*
 
 ORDER
 
 1
 Vincent Victor Roggio, a federal prisoner, appeals the district court's summary judgment for the respondents in his federal habeas corpus petition filed under 28 U.S.C. § 2241. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 A jury convicted Roggio of three counts of mail fraud and four counts of making false statements to influence bank loans. The district court sentenced him in July 1987 to 12 years imprisonment and ordered restitution in the amount of approximately $13 million. Roggio's conviction was affirmed by the Eleventh Circuit Court of Appeals. United States v. Roggio, 863 F.2d 41 (11th Cir.1989). Several post-conviction motions filed by Roggio have been denied.
 
 
 3
 In his present petition, Roggio raised four grounds for relief: (1) the United States Parole Commission (the Commission) arbitrarily and capriciously increased his parole guidelines from 24-36 months to 96 months based solely on an illegal restitution order; (2) he was denied equal protection because a codefendant received only a 90-day sentence, resulting in a 93-month disparity; (3) the Commission violated his due process rights by reaching its decision without reviewing attachments to his presentence investigation report; and (4) the Commission deprived him of parole based solely on a civil debt, contrary to law.
 
 
 4
 The district court granted summary judgment to the respondents in an order filed December 23, 1991, and judgment filed January 3, 1992. Roggio's motion for reconsideration was denied by order of February 18, 1992.
 
 
 5
 On appeal, Roggio argues that: (1) the Commission acted arbitrarily and capriciously by exceeding parole guidelines on the basis of uncharged hearsay, (2) the mandatory language in the Commission's rules and procedure manual creates a liberty interest in parole release, (3) the district court erred in holding that actual or intended harm in fraud cases may be ignored by the Commission, and (4) the 400% increase in his guidelines was based primarily upon an illegal restitution order and denied him due process.
 
 
 6
 Roggio's issues regarding equal protection and the Commission's alleged failure to review his attachments are abandoned on appeal and are not reviewable. See Boyd v. Ford Motor Co., 948 F.2d 283, 284 (6th Cir.1991), cert. denied, 112 S.Ct. 1481 (1992).
 
 
 7
 Upon review of Roggio's remaining issues, we affirm the district court's judgment because there is no genuine issue of material fact and the respondents are entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc., 862 F.2d 597, 601 (6th Cir.1988).
 
 
 8
 Accordingly, the district court's judgment for the defendants is affirmed for the reasons stated in the district court's accompanying order filed December 23, 1991, and its order denying reconsideration, filed February 18, 1992. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Wendell A. Miles, Senior U.S. District Judge for the Western District of Michigan, sitting by designation