[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-14290
Non-Argument Calendar
_____

D.C. Docket No. 8:00-cr-00442-JDW-AEP-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANTHONY WAYNE MORRISON LAZZARA,
a.k.a. Wayne Douglas Shevi,
a.k.a. Wayne Shevchuck,
a.k.a. Gregory Gibson,
a.k.a. William Jay Woolston,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(September 21, 2017)

Before TJOFLAT, WILLIAM PRYOR and BLACK, Circuit Judges.

PER CURIAM:

Anthony Wayne Morrison Lazzara appeals his convictions for making a false statement on an application for a U.S. passport and perjury.  Lazzara asserts the district court clearly erred in denying his motion to dismiss the indictment based on a finding his pre-indictment use of multiple aliases, rather than the Government's negligence in investigating his case, was the primary cause for an approximately 15-year delay in his prosecution.  After review,[1] we affirm the district court.

The Sixth Amendment provides "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy . . . trial."  U.S. Const. amend. VI.  "Because of the unique policies underlying this right, a court must set aside any judgment of conviction, vacate any sentence imposed, and dismiss the indictment if it finds a violation of the defendant's right to a speedy trial."  *United States v. Villarreal*, 613 F.3d 1344, 1349 (11th Cir. 2010).  In reviewing a motion to dismiss under the Sixth Amendment, we employ the four-part *Barker* test, weighing: "(1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of his right to a speedy trial; and (4) the actual prejudice borne by the defendant."  *Id.* at 1350; *see also Barker v. Wingo*, 407 U.S. 514, 530 (1972).

---

[1]  Whether the government deprived a defendant of his constitutional right to a speedy trial is a mixed question of law and fact.  *United States v. Villarreal*, 613 F.3d 1344, 1349 (11th Cir. 2010).  "We review the district court's legal conclusions de novo and its factual findings for clear error."  *Id.*

2

The first *Barker* factor serves a triggering function; unless the length of the delay is presumptively prejudicial, we need not consider the remaining factors. *United States v. Dunn*, 345 F.3d 1285, 1296 (11th Cir. 2003). A delay of one year is considered presumptively prejudicial for purposes of the first *Barker* factor. *Id.* Because the delay in Lazzara's case was greater than one year, the first *Barker* factor weighs heavily against the Government.

Under the second *Barker* factor, different reasons for delay are accorded different weights. *Barker*, 407 U.S. at 531. Negligence is a more neutral act that should not be weighed as heavily as acts done in bad faith. *Id.* We have indicated that, absent evidence establishing the defendant knew of the indictment and intentionally evaded prosecution, a defendant cannot be held culpable for the delay. *United States v. Ingram*, 446 F.3d 1332, 1337-38 (11th Cir. 2006) (holding a district court erred in holding a defendant culpable where there was no evidence he knew of the indictment or warrant but also noting there was no evidence he was aware law enforcement was looking for him); *see also Doggett v. United States*, 505 U.S. 647, 653-54 (1992) (holding a defendant could not be faulted for post-indictment delay because there was no evidence he was aware of the indictment or the police had been looking for him).

The Government provided a sufficient explanation for the delay. *See Ingram*, 446 F.3d at 1337 (stating the burden is on the government to explain the

3

cause of any pretrial delay).  First, the district court did not clearly err in finding

Lazzara was culpable for the delay.  Although it was undisputed Lazzara was not

aware of the indictment in this case, the record showed he adopted the Gregory

Gibson and William Jay Woolston aliases in an attempt to evade law enforcement

in a different case.  The fact Lazzara was unaware he was subsequently indicted for

making a false statement on a passport application and perjury does not excuse his

attempt to obscure his identity to avoid detection by law enforcement in a different

case.  While both this Court and the Supreme Court have held defendants were not

culpable for post-indictment delay in cases where those defendants were not aware

of the indictment, those cases also involved defendants who, unlike Lazzara, had

no reason to believe they were being pursued by law enforcement at all.  *See*

*Doggett*, 505 U.S. at 653-54; *Ingram*, 446 F.3d at 1337-38.

Second, the district court did not clearly err in finding the Government acted

with reasonable diligence in its attempt to locate Lazzara.  The Government took

reasonable and diligent steps to locate Lazzara, as evidenced by the agents finding

the true Gibson in 2004 or 2005 and determining the true Woolston was deceased.

Further, while Lazzara focuses on the Government's failure to prove agents

searched law-enforcement databases, the evidence shows those searches would

have been futile, as there was nothing linking Lazzara's Gibson and Woolston

identities to his Lazzara, Wayne Douglas Shevi, or Wayne Shevchuck identities

4

until those aliases were added to Lazzara's rap sheet after the arrest in this case. While facial recognition may have been effective if agents had used it prior to February 2015, Fernandez explained they were not permitted to use facial-recognition technology due to privacy concerns. Accordingly, while the Government may have been able to do more to locate Lazzara, its actions were, at best, only negligent, and should not be weighed as heavily as acts done in bad faith. *See Barker*, 407 U.S. at 531. Thus, the district court did not clearly err in finding the second *Barker* factor weighed against Lazzara.

As for the third *Barker* factor, a defendant's assertion of his speedy trial right is often "entitled to strong evidentiary weight in determining whether a defendant is being deprived of the right," because a timely demand for a speedy trial often supports an inference the defendant was not at fault for the delay and the delay prejudiced the defendant. *Villarreal*, 613 F.3d at 1353-54 (quotation omitted). We have determined the third *Barker* factor weighed "heavily against the Government" where the defendant asserted his right to a speedy trial soon after learning of the indictment and arrest warrant. *See Ingram*, 446 F.3d at 1335, 1338. We also have determined that, where a defendant moved for four continuances prior to trial, the third *Barker* factor did not weigh heavily against the government. *See United States v. Register*, 182 F.3d 820, 828 (11th Cir. 1999). Further, we have noted that, where a defendant obtained a continuance to allow his initial

counsel to withdraw and signed a waiver of his speedy-trial right to allow his new counsel time to prepare for trial, the third *Barker* factor weighed heavily against him. *See United States v. Roggio*, 863 F.2d 41, 42 (11th Cir. 1989).

Neither the magistrate judge nor the district court made specific findings or weighed the third factor. Lazzara filed his notice of the assertion of his speedy-trial right approximately one month after his arrest. Thus, because the record reflects that Lazzara did not learn of the indictment and arrest warrant until that time, Lazzara asserted his speedy-trial right in a timely manner. *See Ingram*, 446 F.3d at 1335, 1338-40. However, like the defendants in *Register* and *Roggio*, Lazzara signed a written waiver of his speedy-trial right and moved for a continuance. *See Register*, 182 F.3d at 828; *Roggio*, 863 F.2d at 42. However, even assuming the third *Barker* factor weighed heavily against the Government based on his timely assertion of his speedy-trial right, Lazzara nevertheless was required to show actual prejudice because the second *Barker* factor did not weigh heavily against the Government. *See Dunn*, 345 F.3d at 1296 (stating if the first three *Barker* factors weigh uniformly and heavily against the government, the defendant need not demonstrate particularized proof of actual prejudice).

In evaluating actual prejudice under the fourth *Barker* factor, we consider three policy interests that the right to a speedy trial protects: (1) the prevention of oppressive pretrial incarceration; (2) the minimization of the accused's anxiety and

6

concern; and (3) the limitation of any possible impairment of the defense. *United States v. Schlei*, 122 F.3d 944, 988 (11th Cir. 1997). Additionally, in cases of government negligence, the defendant must show actual prejudice, but his burden decreases as the period of delay increases. *United States v. Clark*, 83 F.3d 1350, 1353 (11th Cir. 1996); *see also Doggett*, 505 U.S. at 657 ("[T]he weight we assign to official negligence compounds over time as the presumption of evidentiary prejudice grows."). Government negligence and a substantial delay can compel relief without any showing of particularized prejudice unless the resulting prejudice either was extenuated, as by the defendant's acquiescence, or persuasively rebutted by the government. *Clark*, 83 F.3d at 1353. In *Doggett*, the Supreme Court held that a delay of eight and a half years, caused solely by government negligence, was long enough to eliminate the need for proof of particularized prejudice. *Doggett*, 505 U.S. at 657-58.

Lazzara failed to show actual prejudice. To the extent the delay was substantial and the district court determined the Government was minimally negligent, Lazzara's actions extenuated the delay and the Government was able to sufficiently rebut any presumption of prejudice that arose from the length of the delay by showing that Lazzara's use of aliases was the primary cause for the delay. *See Clark*, 83 F.3d at 1353-54. As Lazzara concedes on appeal, he raised no actual-prejudice argument before the district court, and we review for plain error.

*See United States v. Aguilar-Ibarra*, 740 F.3d 587, 591-92 (11th Cir. 2014) (stating when a party raises arguments that were not raised before the district court, we review for plain error).  Lazzara has not pointed to any on-point precedent from this court or the Supreme Court showing the district court plainly erred in determining he did not suffer actual prejudice in light of his inability to plead guilty to the indictment in this case when he pled guilty in another case in 2002. *See United States v. Hoffman*, 710 F.3d 1228, 1232 (11th Cir. 2013) (explaining an error is plain if the error is contrary to an explicit statutory provision or on-point precedent from our Court or the Supreme Court).  Therefore, Lazzara failed to meet his burden of showing actual prejudice for purposes of the fourth *Barker* factor.  Accordingly, we affirm the district court's order denying Lazzara's motion to dismiss the indictment.

**AFFIRMED.**